**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4022**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DERRICK LEE HOLLOMAN,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge.  (1:09-cr-00050-WO-1)

_____

Submitted:  September 24, 2010        Decided:  October 15, 2010

_____

Before AGEE and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas  N.  Cochran,  Assistant  Federal  Public  Defender,
Greensboro,  North  Carolina,  for  Appellant.   Terry  Michael
Meinecke, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lee Holloman pled guilty to interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2006), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). The district court sentenced Holloman to 228 months for each count of conviction, to be served concurrently. In this appeal, counsel for Holloman filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court imposed an unreasonably harsh sentence, in violation of 18 U.S.C. § 3553(a) (2006). Holloman did not file a pro se supplemental brief, although informed of his right to do so. The Government elected not to file an answering brief.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany

2

every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). In addition, this court presumes a sentence within a properly determined advisory Guidelines range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We conclude that Holloman's sentence is both procedurally and substantively reasonable. The district court properly calculated Holloman's Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) (2006) factors. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Moreover, the district court based its sentence on its individualized assessment of the facts of the case. Carter, 564 F.3d at 328. Lastly, Holloman has not rebutted the presumption that his within-Guidelines sentence is presumptively reasonable. Thus, the district court did not abuse its discretion in imposing the chosen sentence.

As required by Anders, we have reviewed the record and find no meritorious issues for review. Accordingly, we deny Holloman's motion to relieve counsel and affirm the district court's judgment. This court requires that counsel inform Holloman in writing of his right to petition the Supreme Court of the United States for further review. If Holloman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court

3

for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Holloman. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED